**STAKER, Gdn v INDUSTRIAL COMMISSION**

Ohio Appeals, 2nd Dist, Fayette Co

No 204.   Decided Oct 11, 1932

Cowan, Adams & Adams, Columbus, for plaintiff in error.

Gilbert Bettman, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, and N. L. McLean, Prosecuting Attorney, Columbus, for defendant in error.

KUNKLE, J.

The questions presented by this proceeding present a new and interesting question which we have examined with care.

The fourth paragraph of the amended petition contains the following averment:

"That Onda Cartee is the illegitimate minor son of Onda Porter, deceased; that said son was conceived on or about November 6th or 10th, 1929, by intercourse between Onda Porter, deceased, and Opal Cartee, the mother, who were engaged to be married and had planned to be married on the following Christmas; that said child was born on August 5th, 1930, and after the death of Onda Porter, its father; that under the provisions of the workmen's compensation law of Ohio, said child is a dependent of said Onda Porter, deceased."

There is no dispute as to Onda Porter being an employee of the Reinhart Transfer Company and of his injury and death at the time stated and of the fact that his employer was a subscriber to the state insurance fund and had complied with the workmen's compensation law of Ohio.

The only question presented for consideration is, Can a posthumous illegitimate child be termed a dependent child under the provisions of the statutes governing workmen's compensation? The demurrer admits the facts above quoted in the amended petition as being true.

Counsel have favored the court with very helpful briefs in which the pertinent sections of the Code of Ohio and various decisions of this and sister states are cited and discussed.

There has also been filed with us the written opinion of Judge Rankin of the lower court, in which many of the authorities so cited are discussed and the pertinent facts are stated. In view of the exhaustive opinion filed by the lower court, we do not deem it necessary to discuss this case at the length that we otherwise might.

Sec 1465-68, GC, provides in detail who is entitled to participate under the workmen's compensation law of Ohio.

In brief this section provides in addition to the employee that the dependents of such employee who may be killed shall receive compensation for the loss so sustained on account of the death of the injured employee.

In addition to the employee receiving compensation, in case of injury, the liability to pay such compensation in the event of the employee's death is limited to those who are dependent upon such employee.

Sec 1465-82, GC, defines dependents within the meaning of the workmen's compensation law as follows:

"5. The following persons shall be presumed to be wholly dependent for support upon a deceased employee:

"a. A wife upon a husband with whom she lives at the time of his death.

"b. A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.

In all other cases the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister.

The word 'child' as used in this act shall include a posthumous child and a child legally adopted prior to the injury."

This section relates to a child who may be dependent.

Does the term "child" as used in the statute include an illegitimate child?

We can not escape the conclusion after an examination of the authorities that the word "child" as used in this and similar sections of our Code relates to a legitimate child and does not include an illegitimate child.

In addition the child must be a dependent upon the parent at the time of the death of such parent. We concede that for the purposes of this case Onda Porter is the father of Onda Cartee; that such child was born some nine months after the death of Onda Porter. These statements are admitted by the demurrer.

An examination of the various sections of our Code, many of which are referred to in the briefs where the word "child" is used, have been held to apply solely to a legitimate child unless the contrary clearly

appears.

It is also apparent that in order to protect a legitimate posthumous child and permit such child to participate in the workmen's compensation fund, an amendment to the original statute was enacted and such posthumous child was specifically included within those who might share in the fund.

In the absence of a statute specifically including illegitimate children it had formerly been held by our Supreme Court that the father of an illegitimate child could not be prosecuted criminally for failure to provide. This has been corrected by later legislation.

.A careful consideration of the reasoning found in the decision of our Supreme Court in the case of **Creiser v State, 97 Oh St, 16,** compels the conclusion that in the absence of some express or clearly implied provision in the statute to the contrary the term "child" as used in the workmen's compensation statute should be taken in its ordinary and popular sense and by so defining the same it would include only legitimate children.

The reasoning of the decision of the Court of Appeals of the 5th District as found in the case of Owens v Humbert, Exrx, 25 O.C.C. Rep. (N.S.), p. 522, also permits of no other construction.

In addition to the above together with other authorities cited in the brief, we can not escape the conclusion but that the Legislature intended in the above enactments by the use of the word "dependent child" to include only a legitimate child.

We have also made some independent examination of this question. Among the authorities so examined we find the definition of the word "child" as given by Bouvier as follows:

"It is a rule of decision in England that the word 'children' means legitimate children * * * and such is the general rule in this country * * * although illegitimate children may be included by express designation or necessary implication."

In the case of State v Porterfield, 292 SW, p. 85, the 3rd paragraph of the syllabus is as follows:

"Statute referring to 'child' or 'children' or 'parent' or 'parents' is construed as referring to legitimate children only."

In the case of Hiser v Davis, Director General of Railroads, 137 NE Rep. p. 596,

the 3rd paragraph of the syllabus is as follows:

"Under Decedent Estate Law, §§89 and 98 Subd. 15 which governs the construction of the federal employers liability act (U. S. Comp. St. §§8657-8665) within the state, as to children of a deceased employee entitled to benefits under the act, the word 'child' without any other description, does not include an illegitimate child."

From the consideration of the authorities we can not escape the conclusion but that the demurrer to the amended petition was properly sustained and the judgment of the lower court will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.